UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PETER GRAZIANO, JAMES BUCKLEY, MARK
MALONE, ROBERT A. HARRIS, WILLIAM
WALKER, AARON TALLEY, MAURICE
MURRELL, STEVEN HO, BRIAN JACQUES, and
CHARLES FRIEDGOOD, suing on behalf of
themselves and all others similarly situated,

                      Plaintiffs,

                      06 Cv. 480 (CLB)

        - against -

                      ***Memorandum and Order***

GEORGE E. PATAKI, Governor of the State of New
York, ROBERT DENNISON, Chairman of the New
York State Division of Parole, and THE NEW
YORK STATE DIVISION OF PAROLE,

                      Defendants.
----------------------------------------------------------------x

Brieant, J.

       Before this Court is Defendants' motion to dismiss the amended complaint and Plaintiffs' cross-motion for class certification. Plaintiffs commenced this purported class action on January 23, 2006, alleging that Defendants unlawfully eliminated or curtailed the Parole Board's discretion when making parole release determinations for A-1 violent offenders in violation of 42 U.S.C. § 1983. Plaintiffs filed an amended complaint on March 23, 2006. On April 17, 2007, Defendants moved to dismiss the Amended Complaint (Doc. 73). Plaintiffs filed their opposition to the motion to dismiss and a cross-motion for class certification on May 10, 2007 (Doc. 77). Defendants filed a memorandum of law in further support of their motion to dismiss and in opposition to class certification on June 22, 2007 (Doc. 87). Plaintiffs filed their memorandum of law in reply to Defendants' opposition to their motion for class certification on July 12, 2007 (Doc. 89). Oral argument was held on July 20, 2007.

**Defendants' Motion to Dismiss**

In support of their motion to dismiss, Defendants argue that Plaintiffs' claims are moot now that Governor Pataki and Parole Chairman Robert Dennison have left office. Governor Pataki and Parole Chairman Dennison were both sued in their official capacities only. (Am. Compl. ¶¶ 18, 20.) Rule 25 of the Federal Rules of Civil Procedure provide that "[w]hen a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d)(1). The current Governor is Eliot Spitzer and the current Chairman of the New York State Board of Parole is George B. Alexander.

"A case is deemed moot where the problem sought to be remedied has ceased, and where there is 'no reasonable expectation that the wrong will be repeated.'" *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). Plaintiffs' First Amended Complaint alleges that it was "[t]he unofficial policy or practice of the Parole Board, as instigated by Pataki and executed by the Division of Parole under Parole Chairman Robert Dennison, . . . to unlawfully eliminate or substantially curtail the Parole Board's discretion when making parole release determinations concerning prisoners serving sentences for A-1 violent offenses." (1st Am. Compl. ¶ 2.) Thus, the change of office does not necessarily mean that policy or practice of the Parole Board "sought to be remedied has ceased" or that "there is no reasonable expectation that the wrong will be repeated."

*Spomer v. Littleton*, 414 U.S. 514 (1974), and *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605 (1974), upon which Defendants rely, do not dictate otherwise. In *Spomer*, the original defendant, a State's Attorney, was sued in his personal and official capacities and "[n]o charge [was] made in the complaint that the policy of the office of State's Attorney [was] to follow the intentional practices alleged." *Spomer*, 414 U.S. at 521. In *Mayor of Philadelphia*, the Supreme Court held that the Court of Appeals for the Third Circuit "erred in ordering prospective injunctive relief against the new Mayor in a case devoted exclusively to the personal appointment policies of his predecessor." *Mayor of Philadelphia*, 415 U.S. at 613. In the instant case, Plaintiffs allege that it was the policy of the Parole Board, in concert with the Governor and Parole Chairman, to resist parole release for A-1 violent offenders. Neither Governor Pataki nor Chairman Dennison were sued in their personal capacities and Plaintiffs do not allege that the unlawful policy was solely carried out by former Governor Pataki and former Chairman Dennison.

Defendants' motion to dismiss is thus denied.

**Plaintiffs' Motion for Class Certification**

Plaintiffs have brought a cross-motion to certify "a class comprised of all prisoners in the custody of the New York State Department of Correctional Services who (1) were convicted of A-1 violent felony offenses; (2) have served the minimum terms of their indeterminate sentences and are therefore eligible for parole release; and (3) have had their most recent applications for parole release denied by the Parole Board solely because of the 'seriousness of the offense', the

'nature of the present offense'" or similar reasons. (Am. Compl. ¶ 3.) All named plaintiffs except Friedgood also seek to represent a subclass of prisoners who meet the qualifications of the main class but who were sentenced to less than the statutory maximum for their violent offenses. (Am. Compl. ¶ 4.)

Under Rule 23(a) of the Federal Rules of Civil Procedure, "[o]ne or more members of a class may sue . . . as representative parties on behalf of all only if" the following four prerequisites are met: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(b)(2) requires in addition that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The court must receive "enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). Defendants argue that Plaintiffs have failed to demonstrate the first three requirements for class certification of Rule 23(a), numerosity, commonality, and typicality, and the requirement of Rule 23(b)(2).

*Numerosity*

Defendants argue that Plaintiffs have only speculated about the number of class members. Evidence of the exact number of class members is not required, however, and our Court of Appeals has held that "numerosity is presumed at a level of 40 members." *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). In support of their motion for class certification, Plaintiffs submitted a declaration listing 540 prisoners who fit the class definition, 441 of whom are serving less than maximum sentences and thus also fit the definition of the sub-class. (Isseks Declaration Exs. A, B.) This Court finds that these lists are not mere speculation, but contain the names, addresses, and qualifications of more than enough class members to satisfy the numerosity requirement of Rule 23(a)(1) for both the main class and the sub-class.

*Commonality*

Defendants argue that Plaintiffs have not provided admissible evidence "such as affidavits or statistical evidence showing that the individual claims share questions of fact or law with the class claims. . . . [but] [i]nstead, plaintiffs provided only brief case summaries about unidentified individuals." (Def.'s Opposition Br. 20.) Plaintiffs submitted a declaration listing potential class members' names, length of incarceration, number of denials of release by the Parole Board, and reasons for denial. (Isseks Declaration Exs. A, B.) According to Plaintiffs' declaration, the reasons for denial of release were primarily because of the nature of the offense. (Isseks Declaration Exs. A, B.) As Defendants acknowledge, Plaintiffs' counsel prepared these lists from documents produced by Defendants. (Def.'s Opposition Br. 18.) This Court finds that

5

these exhibits to Plaintiffs' declaration demonstrate that members of the class have in common questions of law and fact including whether the Parole Board's discretion when making parole release determinations were unlawfully curtailed and, if so, whether the practice violated class members' rights under Article 1 and the Fourteenth Amendment of the United States Constitution. Thus, the commonality requirement of Rule 23(a)(2) is satisfied for the main class and the sub-class.

*Typicality*

Defendants also argue that Plaintiffs have failed to demonstrate that the claims of the named plaintiffs are typical of the claims of the class. After comparing the parole review history of the named plaintiffs as described in Plaintiffs' First Amended Complaint and of the proposed class members as described in Exhibits A and B to the declaration of Plaintiffs' counsel, this Court finds that the typicality requirement of Rule 23(a)(3) is satisfied because the named plaintiffs, except for Charles Friedgood, and the proposed class and sub-class members were all denied release based on the nature of their offense or similar reasons.

Plaintiff Charles Friedgood is excepted because the Parole Board voted on November 7, 2007 to release him, so he no longer satisfies the third requirement of the class definition, having had his most recent application for parole release denied by the Parole Board.

*Adequacy of Representation*

Defendants do not seem to dispute the adequacy of Plaintiffs' representation of the

proposed class. This Court finds no reason why the named plaintiffs will not fairly and adequately protect the interests of the class and sub-class.

*Rule 23(b)(2) Requirement*

Under Rule 23(b)(2), "the party opposing the class [must have] acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Defendants' final argument against class certification is that there are "substantial differences among the issues to be resolved for the individual inmates," making class certification inappropriate under Rule 23(b)(2). Contrary to Defendants' contention, this Court finds that Defendants are alleged to have carried out a policy of denial of parole release to the class of A-1 violent felons as a whole. Assuming the allegations in the First Amended Complaint are true, final injunctive or declaratory relief preventing Defendants from continuing this policy would be appropriate. Rule 23(b)(2) is therefore satisfied.

For all the foregoing reasons, Plaintiffs' motion for class certification is granted.

Although Plaintiffs have not explicitly moved for an order certifying their counsel as class counsel, their memorandum of law in support of their motion for class certification discusses their qualifications to represent the proposed class. (*See* Plaintiffs' Br. 18.) In their opposition, Defendants did not take issue with the qualifications of Plaintiffs' counsel. This Court finds that Plaintiffs' counsel, Robert N. Isseks, Alex Smith, and Peter A. Sell, are qualified

to represent the class and the Court hereby appoints them as class counsel.

A status conference of counsel with the Court will be held on December 20, 2007 at 9:00 A.M., at which time counsel is directed to serve and present for signature an order to provide notice to the class.

X

        X

              X

                   X

                     X

SO ORDERED.

Dated: White Plains, New York
       December 3, 2007

.

_____
Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
       December 3, 2007

*Charles L. Brieant*
Charles L. Brieant, U.S.D.J.